**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREG BERNARDING and DANIELLE L. HARSHMAN, on behalf of the TRUSTEES OF THE IRON WORKERS WELFARE PLAN OF WESTERN PENNSYLVANIA, IRON WORKERS OF WESTERN PENNSYLVANIA PENSION PLAN AND THE IRON WORKERS OF WESTERN PENNSYLVANIA PROFIT SHARING PLAN, and as agents for THE IRONWORKER EMPLOYERS ASSOCIATION OF WESTERN PENNSYLVANIA, INC., THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, LOCAL UNION NO. 3, AFL-CIO, <br><br>  Plaintiffs, <br><br> v. <br><br> AP METAL SALES, LLC, JAMES GORDON and PATRICIA GORDON, <br><br>  Defendants. | Civil Action No. 2:20-cv-1364 |

**COMPLAINT**

**COUNT I**
**Greg Bernarding and Danielle L. Harshman, et al. v. AP Metal Sales, LLC**
**ERISA Collection Action**

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that plaintiffs are aggrieved by defendants' failure to pay dues and fringe benefit contributions in violation of a certain collective bargaining agreements that AP Metal Sales, LLC is bound to with of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO and its affiliated Local Union No. 3 ("Iron Workers' Union"), an employee organization.

2. Plaintiff GREG BERNARDING is an Employee Trustee and Chairman of the Boards of Trustees of the IRON WORKERS WELFARE, PENSION AND PROFIT SHARING PLANS OF WESTERN PENNSYLVANIA the ("Plans"). Plaintiff DANIELLE L. HARSHMAN is an Employer Trustee and Co-Chairman of such Boards of Trustees. Plaintiffs and the Plans

maintain their principal office at 2201 Liberty Avenue, Pittsburgh, Pennsylvania 15222. Said Plans are employee benefit plans established and maintained pursuant to LMRA and ERISA, and plaintiffs are bringing this action on behalf of the trustees, participants and beneficiaries of said Plans.

3. AP Metal Sales, LLC ("Contractor") is a contractor that maintains a principal place of business at 1552 Avella Road, Avella, Pennsylvania 15312.

4. Contractor entered into a labor agreement ("Agreement") with the Iron Workers Union pursuant to which it was to make certain monthly payments to the Plans for pension, medical, profit sharing, dues and other purposes subject to the provisions of the certain trust agreements covering the Plans for the benefit of employees covered under such Agreement.

5. The aforedescribed Agreement and the provisions of ERISA require Defendant Contractor to pay interest and liquidated damages if said defendant fails to timely file such reports and/or make such payments.

6. In violation of such Agreement, Defendant Contractor has also failed to file timely reports and/or make timely payments to Plaintiffs through July 2020 which has resulted in a principal deficiency of $29,433.70.  Employer is obligated to submit to the Plans its August 2020 reports with payments by September 15, 2020 and all future reports with payment by the 15th of the month following the month in which the work is performed.  Plaintiff Plans estimate that each such monthly report will total at least $14,000.00.  In addition, interest through September 10, 2020 of $2,480.52 and liquidated damages of $39,474.44 are due Plaintiffs for a total deficiency of $71,388.66.  Interest will continue to accrue after September 10, 2020 at the rate of $12.10 per day.

7. Plaintiffs also claim any additional amounts which may be shown to be due during the aforesaid contract periods as a result of any audits performed by the Plans, remittance reports prepared by Defendant Contractor to the Plaintiffs or estimates made by the

Plans until the termination of this case.  If employer submits future late reports and/or payments, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated damages at twenty (20%) percent times the principal amount owed by Defendant.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

       8.     Plaintiffs have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

       9.     Defendant Contractor is also obligated to Plaintiffs to pay Plaintiffs' reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00).  Such fees total $14,277.73 through September 10, 2020.  Plaintiffs also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due by Defendant Contractor to Plaintiffs until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

      10.    Defendant Contractor's failure to pay such delinquencies has caused the Plaintiffs to suffer loss of investment income and additional administrative expenses, and has resulted in less monies being available to provide pension, medical and other fringe benefits to ironworker beneficiaries and their families.

      11.    Plaintiffs are without an adequate remedy by law and are and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes, collective bargaining agreements and trust agreements herein described, and is restrained from continuing to refuse to perform as required.

     WHEREFORE, Plaintiffs demand the following relief:

          a.     A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiffs pursuant to

        such agreements, and enjoining Defendant Contractor from disposing of assets; and

b.    For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiffs covering all aspects of such Defendant Contractor's business operations; and

c.    for Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees to enable Plaintiffs to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiffs; and

d.    For a money judgment in favor of Plaintiffs and against Defendant Contractor in the sum of $85,666.39, plus additional interest, liquidated damages, attorneys' fees of twenty (20%) percent of total amount due and costs of suit; and

e.    For the Court to retain jurisdiction of the case pending compliance with its orders; and

f.    For such other and further relief as the Court may deem just.

## **COUNT II**

### **Greg Bernarding and Danielle L. Harshman, et al. v. James Gordon and Patricia Gordon ERISA Breach of Fiduciary Duty Action**

12.    The averments contained in paragraphs 1 through 11 are hereby incorporated by reference herein.

13.    At all times material hereto, individual defendant, James Gordon served as the President and Patricia Gordon served as the Vice President (collectively referred to as "Individual Defendants") of Defendant Contractor at the address listed in Paragraph 4.

14. At all times material, Individual Defendants are responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by iron workers employed under such Agreement.

15. At all times material, Individual Defendants are also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiffs.

16. At all times material, Individual Defendants also had check signing authority and/or the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

17. At the time such fringe benefit contributions became due and payable by Contractor to the Plaintiffs, such monies became assets of the Plaintiffs.

18. At all times material, Individual Defendants were aware of the obligations of Contractor to timely pay fringe benefits to the Plaintiffs.

19. At all times material, Individual Defendants were aware that Contractor failed to timely pay all required fringe benefits to the Plaintiffs.

20. Nevertheless, Individual Defendants prioritized payment of corporate expenses that personally benefitted them over payment to the Plaintiffs.

21. Based upon the foregoing, Individual Defendants constitute "fiduciaries" under ERISA.

22. Based upon the foregoing, Individual Defendants violated their duty of loyalty to the beneficiaries of the Plaintiffs.

23. Based upon the foregoing, Individual Defendants also breached their fiduciary duty to the Plaintiffs by failing to cause Contractor pay to the Plaintiffs such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, liquidated damages, attorneys' fees and legal costs owed by Contractor to the Plaintiffs.

24. The principal contributions owed to the Plaintiffs through July 2020 total $27,079.00. Employer is obligated to submit to the Plans its August 2020 reports with

payments by September 15, 2020 and all future reports with payment by the 15th of the month following the month in which the work is performed.  Plaintiff Plans estimate that the contributions on each such monthly report will total at least $12,880.00.  In addition, interest through September 10, 2020 of $2,282.08 is due and liquidated damages of $36,316.48 are due to Plaintiffs for a total deficiency of $65,677.56.  Interest will continue to accrue after September 10, 2020 at the rate of $11.13 per day.

25.     Plaintiffs also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiffs or remittance reports submitted by Contractor to the Plaintiffs until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Plaintiffs that additional amounts are owed by Contractor to the Plaintiffs, interest will be assessed on the principal amount thereof at 15% per month and liquidated damages at twenty percent (20%) times the principal amount owed by Contractor.  In the alternative, Plaintiffs reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

26.     Plaintiffs have demanded from Individual Defendants payment of all such amounts due, but such Individual Defendants have neglected and continue to neglect to pay such amounts.

27.     Pursuant to ERISA, Individual Defendants are also obligated to Plaintiffs to pay Plaintiffs' reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $850.00 whichever is greater.  Such fees and expenses total $13,135.51 through September 10, 2020.  Plaintiffs also claim attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiffs until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendants James Gordon and Patricia Gordon in the amount of $78,813.08, plus interest from September 10, 2020 at a per diem rate of $11.13, plus legal costs, plus additional charges and fees.

## COUNT III

## Greg Bernarding and Danielle L. Harshman, et al. v. James Gordon and Patricia Gordon
## State Common Law Conversion Action

28. The averments contained in paragraphs 1 through 9 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

29. Pursuant to such Agreement, Defendant Contractor withheld monies from its employees' wages for union dues, savings and political action contributions that were required to be remitted to the Plaintiffs.

30. In violation of such Agreement, Defendant Contractor failed to remit such deductions for union dues, savings and political action contributions to the Plaintiffs.

31. At all times relevant to this action, Individual Defendants had the authority and the responsibility to remit such employee wage withholdings to the Plaintiffs.

32. Individual Defendants exercised dominion and control over the employee wage withholdings in the amount of $2,354.70 and authorized and/or permitted such monies to be used to pay other obligations of Defendant Contractor and/or the personal debts of Individual Defendants. Employer is obligated to submit to the Plans its August 2020 reports with payments by September 15, 2020 and all future reports with payment by the 15th of the month following the month in which the work is performed. Plaintiff Plans estimate that the deductions for each such monthly report will total at least $1,120.00.

33. Based upon the foregoing, Individual Defendants intentionally converted such monies that were rightfully due and payable to the Plaintiffs.

34. Plaintiffs are also entitled to receive from Individual Defendants interest through September 10, 2020 on such late payments of $198.44, plus additional interest from September 10, 2020 at $ .97 per day.


WHEREFORE, Plaintiffs demand entry of a judgment in its favor and against Defendants James Gordon and Patricia Gordon in the amount of $2,553.14, plus additional interest from September 10, 2020 and costs of suit.

          TUCKER ARENSBERG, P.C.

          */s/ Jeffrey J. Leech*
          Jeffrey J. Leech, Esquire
          PA I.D. #19814
          jleech@tuckerlaw.com
          Neil J. Gregorio, Esquire
          PA I.D. #90859
          ngregorio@tuckerlaw.com
          Attorneys for Plaintiffs

          1500 One PPG Place
          Pittsburgh, PA 15222
          (412) 566-1212

TADMS:5366859-1 002845-176941